IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIE MUNN and
MARY ELIZA MUNN                                                                                    PLAINTIFF

v.                            Civil No. 4:15-cv-04072

CRISSY HUNT; CASEY PARKER;
JAILER DUSTIN WAKEFIELD;
JOE KUHN; ASHLEY VAILES; and
ARKANSAS PAROLE BOARD & GOVERNMENT                                              DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff Willie Munn pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma papueris* in this matter. Plaintiff is currently incarcerated in the Arkansas Department of Corrections Varner Unit in Grady, Arkansas. Plaintiff originally filed this matter in the Eastern District of Arkansas and it was properly transferred to this Court on July 30, 2015. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is currently before me for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I.    BACKGROUND**

In his Complaint and Supplement, Plaintiff challenges his arrest and subsequent parol revocation as illegal and as violating his constitutional rights. Plaintiff does not allege he is in any danger, imminent or otherwise. Further, Plaintiff also names his mother as a Plaintiff in this matter. As relief, Plaintiff requests monetary compensation and for Defendants' jobs to be terminated.

**II.    DISCUSSION**

Plaintiff has accumulated three strikes in cases filed in this district and the Eastern District of Arkansas. *See e.g.*, *Munn v. Martin*, Civil No. 4:11-cv-04084 (W.D. Ark. Sep. 24, 2012); *Munn v. Garland, et al.* Civil No. 4:02-cv-04132 (W.D. Ark. March 13, 2003); *Munn v. Moncrief, et al.,* Civil No. 5:05-cv-00052 (E.D. Ark. May 24, 2005).

Under the terms of the PLRA:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Eighth Circuit has explained that the imminent danger exception to section 1915(g) applies only if the prisoner alleges that he is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient." *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

Plaintiff did not allege he is in any danger, much less imminent danger at the time he filed this suit. Instead, he simply challenges his arrest and parol revocation. Therefore, this suit is barred by section 1915(g). Further, Plaintiff, as a *pro se* litigant, may not sue on behalf of his mother. *See*

28 U.S.C. § 1654.  *See also Steele v. City of Bemidji*, 257 F.3d 902, 905 (8th Cir. 2001) (a non-lawyer may not represent another person or entity in federal court).

### III. CONCLUSION

Accordingly, I recommend that Plaintiff's Complaint and Supplement (ECF Nos. 1, 7) be dismissed without prejudice pursuant to the three strikes provision of the PLRA.  28 U.S.C. § 1915(g).

**The Plaintiff has fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of October 2015.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE