IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**WILLIE MUNN and**
**MARY ELIZA MUNN**                                                                 **PLAINTIFF**

v.                                        Civil No. 4:15-cv-04072

**CRISSY HUNT; CASEY PARKER;**
**JAILER DUSTIN WAKEFIELD;**
**JOE KUHN; ASHLEY VAILES; and**
**ARKANSAS PAROLE BOARD & GOVERNMENT**                      **DEFENDANTS**

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by Plaintiff Willie Munn pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma papueris* in this matter. Plaintiff is currently incarcerated in the Arkansas Department of Corrections Varner Unit in Grady, Arkansas. Plaintiff originally filed this matter in the Eastern District of Arkansas and it was properly transferred to this Court on July 30, 2015. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

On October 27, 2015 this Court entered a Report and Recommendation of the Magistrate Judge dismissing Plaintiff's Complaint based on the accumulation of three strikes in cases filed in this district and the Eastern District of Arkansas. ECF No. 12. One of the cases cited as a strike against Plaintiff was *Munn v. Martin,* Civil No. 4:11-cv-04084 (W.D. Ark. Sep. 24, 2012). The Eighth Circuit Court of Appeals clarified this Court's Judgment in *Munn v. Martin* so the dismissal of the action did not count as a "strike" under 28 U.S.C. § 1915(g). ECF No. 59 in *Munn v. Martin,*

Civil No. 4:11-cv-04084.  Consequently, the Report and Recommendation of the Magistrate Judge (ECF No. 12) was withdrawn on April 14, 2016.  ECF No. 16.

The case is currently before me for preservice screening under the provisions of the Prison Litigation Reform Act.  Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

## BACKGROUND

In his Complaint (ECF No. 1) and Supplement Complaint (ECF No. 7)[1], Plaintiff challenges his arrest and subsequent parole revocation as illegal and as violating his constitutional rights. He names Crissy Hunt, Ashley Vailes, the Arkansas Parole Board & Government, Casey Parker, Dustin Wakefield and Joe Kuhn as Defendants. Defendant Hunt is a parole officer and Defendant Vailes is an Administrative Law Judge at the Arkansas Board of Parole. Defendants Parker and Wakefield are police officer with the Nashville, Arkansas Police Department. Defendant Kuhn is named in Plaintiff's Complaint as an area supervisor employed by Hempstead County, Arkansas. ECF No. 1. Plaintiff also names his mother as a plaintiff in this matter[2]. Plaintiff requests monetary compensation and for Defendants' jobs to be terminated.

## APPLICABLE LAW

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's complaint (1) are frivolous or malicious, (2) fail to state claims

---

[1] Plaintiff filed four additional Motions to Supplement the Complaint (ECF Nos. 8-11).  The Court reviewed the supplements and found them to be restatements of the original complaint with citation to relevant law and denied the motions.  ECF No. 14.

[2] Plaintiff, as a *pro se* litigant, may not sue on behalf of his mother.  *See* 28 U.S.C. § 1654.  *See also Steele v. City of Bemidji*, 257 F.3d 902, 905 (8th Cir. 2001) (a non-lawyer may not represent another person or entity in federal court).

upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

It is well settled that inmates do not have a constitutionally protected liberty interest in the possibility of parole as required for a due process claim. *Hamilton v. Brownlee,* 237 Fed. Appx. 114 (8th Cir. 2007). In *Hamilton,* the court held "Arkansas parole statutes do not create a protectable liberty interest in discretionary parole decisions…" *Id* at 115. Absent a protectable liberty interest, due process protections are not implicated. *Senty-Haugen v. Goodno,* 462 F.3d 876, 886 (8th Cir. 2006) (first question in procedural due process claim is whether plaintiff has been deprived of protected liberty or property interest).

## DISCUSSION

According to Plaintiff, Defendants Hunt and Vailes violated his constitutional right to due process by failing to provide him with an adequate parole revocation hearing. He claims they failed to follow the proper procedure. ECF Nos. 1, 7. With respect to Defendants Parker and Wakefield, Plaintiff alleges they provided false testimony during his parole hearing. Although Joe Kuhn is named as a defendant, Plaintiff has not specified any allegations against him.

The facts set forth in Plaintiff's Complaint do not support any plausible cause of action for relief under 42 U.S.C. § 1983. The law does not provide inmates with a constitutionally protected

3

liberty interest in the possibility of parole. Without a protectable liberty interest there is no due process claim. *Id.* At 886. Plaintiff has failed to state claims upon which relief can be granted. Accordingly, Plaintiff's case should not proceed. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A)

Even if Plaintiff's Complaint could somehow be construed to create a viable liberty interest, his claims would likely result in the invalidity of his parole revocation. Plaintiff is barred from bringing such claims until his parole revocation is invalidated by the highest state court or in a federal habeas proceeding. *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). Plaintiff may not use the civil rights statutes as substitute for *habeas corpus* relief. In other words, he cannot seek declaratory or injunctive relief relating to his confinement and/or conviction. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement).

Finally, the law is clear that Defendants Hunt, Vailes and the Arkansas Parole Board & Government are immune from suit. Parole board officials, like judges, are entitled to absolute immunity from suit for damages when they serve a quasi-adjudicative function in deciding whether to grant, deny or revoke parole. *See Anton v. Getty,* 78 F.3d 393, 396 (8th Cir. 1996); *Littles v. Board of Pardons & Paroles Div.,* 68 F.3d 122, 123 (5th Cir. 1996) (per curiam).

## CONCLUSION

Accordingly, I recommend Plaintiff's Complaint and Supplement (ECF Nos. 1, 7) be dismissed in its entirety against all Defendants Crissy Hunt, Ashley Vailes, Arkansas Parole Board & Government, Casey Parker, Dustin Wakefield and Joe Kuhn. I also recommend this dismissal be counted as a strike for purposes of 28 U.S.C. § 1915(g).

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

      **DATED this 12th day of July 2016.**

                                    /s/ Barry A. Bryant
                                    HON. BARRY A. BRYANT
                                    UNITED STATES MAGISTRATE JUDGE